UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JACKSON,

        **Plaintiff,**                CIVIL ACTION NO. 07-CV-12033

  VS.                            DISTRICT JUDGE THOMAS L. LUDINGTON

PATRICIA CARUSO,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**: This action should be **DISMISSED** pursuant to 28 U.S.C. § 1915A because Plaintiff has failed to state a claim upon which relief may be granted.

**II.    REPORT**:

This civil rights action filed pursuant to 42 U.S.C. § 1983 comes before the Court on the Court's duty to screen Complaints filed in civil actions in which a prisoner seeks redress from a governmental entity or from an employee of a governmental entity. 28 U.S.C. § 1915A. All pretrial matters have been referred to the undersigned for action. (Docket no. 5). Plaintiff is proceeding *pro se* but has paid the $350 filing fee. (Docket no. 3). Plaintiff is a prisoner currently housed at the Mid-Michigan Correctional Facility in St. Louis, Michigan. Defendants are Patricia Caruso, the Director of the Michigan Department of Corrections, and the Michigan Parole Board. (Docket no. 1).

Plaintiff alleges that Defendants have violated his Fourteenth Amendment procedural and substantive due process rights by "utilizing Unconstitutional practices and procedures to determine Plaintiff's Suitability for parole." (Docket no. 1 at 1). Plaintiff further alleges that he was originally sentenced in 1989 to a term of imprisonment of 10 to 30 years. The Michigan Parole Board granted him parole in December 1996. However, Plaintiff violated his parole conditions and was returned to

prison in 1997. Plaintiff was released and recommitted upon his violation of parole conditions in 1998 and in 2002. In October 2003 Plaintiff became eligible for parole again, but the Parole Board denied his parole request. The Board denied parole also in August 2004, September 2005, and September 2006. Plaintiff claims that Defendants have violated his due process rights by failing to follow the statutory parole guideline procedures and by arbitrarily, without substantial and compelling reasons, concluding that he was unsuitable for parole. Plaintiff further claims that Defendants have failed to establish criteria defining "substantial and compelling" reasons sufficient to deny parole, and failed to make detailed findings of fact in his case. Finally, Plaintiff claims that the substantial and compelling reasons cited in his case were already considered by the parole guidelines under which he was "suitable" for parole. Plaintiff seeks injunctive and declaratory relief.

Section 1915A is applicable to Plaintiff's Complaint even though he has paid the filing fee. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Under section 1915A, this Court must screen a civil complaint from a prisoner in which he seeks relief from a governmental entity or officer or employee of a governmental entity. If the complaint fails to state a claim for relief upon which relief may be granted, this Court must dismiss the complaint. Plaintiff is a prisoner and he has named as Defendants a governmental employee and a governmental entity. Therefore, his complaint must be dismissed if it fails to state a claim for relief. A complaint fails to state a claim for relief when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under section 1983, the plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A prisoner has no constitutional or inherent right to be released on parole before the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although by using mandatory language in its laws a state may create a federal constitutional interest in parole, under Michigan law there is no absolute right to release on parole because the decision is discretionary with the parole board. *See Mich. Comp. Laws* § 791.234(11) (with one exception not applicable here, prisoner's release on parole discretionary with parole board); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) ("So long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules.") (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no procedural due process claim. *See Haynes v. Hudson*, 1990 WL 41025 (6th Cir. Apr. 10, 1990). Although substantive due process protects against arbitrary denial of parole based on impermissible criteria such as race, religion or political beliefs, no such claims are made nor could be made consistent with Plaintiff's allegations. There is no allegation of conduct that "shocks the conscience" or that constitutes an egregious abuse of governmental power. Such conduct is required to demonstrate a substantive due process violation. *See Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). The denials of parole to Plaintiff by the Michigan Parole Board in no way shock the conscience or constitute an abuse of governmental power due to Plaintiff's failure to comply with his parole conditions on the numerous releases the Board has heretofore granted him.

Accordingly, Plaintiff has failed to state a claim for relief based on his allegations of violations of his procedural and substantive due process rights. This action should be dismissed pursuant to section 1915A.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 22, 2007                                s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon John Jackson on this date.

Dated: August 22, 2007                                s/ Lisa C. Bartlett
                                                     Courtroom Deputy

4